[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 429.]

COLUMBUS BAR ASSOCIATION *v.* VARGO.

[Cite as *Columbus Bar Assn. v. Vargo*, 2002-Ohio-4799.]

*Attorneys at law—Misconduct—Six-month suspension with sanction stayed on conditions—Adding signatures to copy of a trust document for own records, mistakenly giving the altered copy to client's new attorney, and later failing to timely and completely account for the same client's trust assets.*

(No. 2002-0697—Submitted June 5, 2002—Decided September 25, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-80.

_____

**Per Curiam.**

{¶1} In this case, we must decide the sanction for an attorney who, after having added signatures to a copy of a trust document for his records, mistakenly gave the altered copy to his client's new attorney and later failed to timely and completely account for the same client's trust assets. The Board of Commissioners on Grievances and Discipline recommended that respondent, Thomas W. Vargo of Columbus, Ohio, Attorney Registration No. 0013212, be suspended from the practice of law in Ohio for six months, all stayed on conditions, for this conduct. The board found that the conduct violated DR 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(2) (failing to carry out a contract of employment), and 9-102(B)(3) (failing to maintain complete records and provide appropriate accounts). We agree that a stayed suspension of six months is the appropriate sanction.

**{¶2}** Relator, Columbus Bar Association, charged respondent with having violated DR 1-102(A)(6), 6-101(A)(3), 7-101(A)(2), and 9-102(B)(3) in January 2002. The parties entered into a consent-to-discipline agreement in which respondent admitted to these disciplinary infractions and also agreed to the proposed six-month suspension, which would be stayed on the conditions that he (1) resign if he was serving as trustee for any trust and not serve as a trustee in the future, (2) refrain from violation of the Code of Professional Responsibility, and (3) timely pay the costs assessed for the disciplinary proceeding.

**{¶3}** A panel of the board heard the cause and found the following facts. Respondent formerly represented John and Ann Hohmann and prepared for the couple a trust agreement, among other estate-planning documents. The Hohmanns retained other counsel, and in January 2000 their new attorney asked respondent for complete copies of the trust agreement, including the grantor's acknowledgement. Respondent inadvertently delivered to the attorney a copy of the trust document on which he had "recreated" some signatures for his records. The panel, however, was convinced that the delivery was an honest clerical mistake and that the signatures did not amount to forgery. The panel also found that while respondent later failed to provide a complete and timely accounting of trust assets to the Hohmanns' new attorney, the Hohmanns suffered no financial injury from his delay.

**{¶4}** Thereafter, the panel accepted the consent-to-discipline agreement, including the cited misconduct and jointly recommended sanction. The panel noted in mitigation that respondent had been totally cooperative during the disciplinary process, had no record of previous disciplinary violations, and had repaid any fees to which the Hohmanns thought they were entitled. The panel additionally considered that respondent and a member of his family had experienced serious health concerns during the events at issue. The board also accepted the consent-to-discipline agreement, and thereby found the violations of DR 1-102(A)(6), 6-

101(A)(3), 7-101(A)(2), and 9-102(B)(3) and recommended the six-month suspension, stayed on the stated conditions.

{¶5} On review, we concur in the board's findings of misconduct and recommendation. Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of six months. This sanction is stayed, however, on the conditions that he (1) resign if he is currently serving as trustee for any trust and not serve as a trustee, (2) refrain from violation of the Code of Professional Responsibility, and (3) timely pay the costs assessed for the disciplinary proceeding. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Bruce A. Campbell, Bar Counsel, Jill M. Snitcher McQuain, Assistant Bar Counsel, Joseph R. Cook and Michael J. Hardesty, for relator.

Carlile, Patchen & Murphy, L.L.P., and H. Ritchey Hollenbaugh, for respondent.

_____